James Weiler; AZ Bar No. 034371
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jweiler@weilerlaw.com

Attorney for Plaintiff
Jada Miles

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Jada Miles**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**WFG National Title Insurance Company**, a Foreign Insurer-for-Profit;<br><br>Defendant. | **Case No. 2:26-cv-03484-SHD**<br><br>**FIRST AMENDED VERIFIED COMPLAINT**<br><br>**(Assigned to the Hon. Sharad H. Desai)** |

Plaintiff Jada Miles ("**Plaintiff**"), individually, and on behalf of all other persons similarly situated for her Collective Action Complaint against Defendant WFG National Title Insurance Company ("**Defendant**"), hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff and the Collective Members[1] are current and former Escrow Assistants or similarly titled and/or have similar job duties and responsibilities, employed by Defendant.

2. Plaintiff brings this action on behalf of herself and all other similarly situated

[1] Collective Members are fully defined below, under the Collective Action Allegations header.



Doc ID: 2adb8d68fac3c514e1dc959b70c473e1bc34be19

Collective Members who were not compensated for their correct overtime wages.

3. Plaintiff and the Collective Members were compensated hourly, with a salary, and/or hourly/salary plus bonuses.

4. Plaintiff and the Collective Members also worked over 40 hours, off the clock, without overtime compensation.

5. Collective Members were also misclassified as exempt and were not paid for any hours worked in excess of 40 hours in a given work week.

6. During her employment, Plaintiff worked hours in excess of 40 hours in a given work week.

7. Plaintiff and the Collective Members were not paid appropriate overtime for all time worked in excess of 40 hours in a given workweek.

8. Plaintiff and the Collective Members bring this action against Defendant for their unlawful failure to pay their overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

9. This is an action for equitable relief, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

10. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com


Doc ID: 2adb8d68fac3c514e1dc959b70c473e1bc34be19

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

13. Plaintiff was employed by Defendant in this District.

**PARTIES**

14. At all relevant times to the matters alleged herein, Plaintiff Jada Miles resided in the District of Arizona.

15. At all relevant times to the matters alleged herein, Plaintiff Jada Miles was a full-time employee of Defendant or an associated company of Defendant from on or around June 23, 2024, to on or around May 5, 2026.

16. At all relevant times, Plaintiff Jada Miles and the Collective Members were employees of Defendant as defined by 29 U.S.C. § 203(e)(1).

17. Plaintiff Jada Miles lived and worked for Defendant in Arizona.

18. At all relevant times, Plaintiff Jada Miles and the Collective Members were non-exempt employees.

19. Defendant is a company authorized to do business in Arizona.

20. Defendant was Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

21. Defendant has around 17 offices throughout Arizona.

22. Upon reasonable belief, Plaintiff and the Collective Members, in their work for Defendant, are or were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com



Doc ID: 2adb8d68fac3c514e1dc959b70c473e1bc34be19

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

23. Upon reasonable belief, Plaintiff and the Collective Members, in their work for Defendant, are or were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

24. Upon reasonable belief, Plaintiff and the Collective Members, in their work for Defendant, are or were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2025.

25. Upon reasonable belief, Plaintiff and the Collective Members, in their work for Defendant, are or were employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2026.

26. At all relevant times, Plaintiff and the Collective Members, in their work for Defendant, are or were engaged in the business of providing title insurance and real estate settlement and closing services.

27. Plaintiff and the Collective Members, in their work for Defendant, regularly handle and/or handled insurance products and underwriting of insurance such as guaranty of titles, real estate, and title insurance.

28. Plaintiff and the Collective Members would communicate regarding business matters via telephone and the internet.

29. Plaintiff and the Collective Members are covered employees under individual coverage.

30. Plaintiff and the Collective Members are covered employees under enterprise coverage.

**FACTUAL ALLEGATIONS RELATING TO PLAINTIFF MILES**

31. Defendant is a national underwriter providing title insurance, escrow, and


Doc ID: 2adb8d68fac3c514e1dc959b70c473e1bc34be19

real estate settlement services for residential and commercial transactions..

32. Plaintiff Jada Miles was an employee of Defendant or a related entity from June 23, 2024 through May 5, 2026.

33. During Plaintiff's employment with Defendant, she had the title of Escrow Assistant/Receptionist.

34. During her employment, Plaintiff's primary job duties included assisting with escrow and receptionist duties such as answering phone calls.

35. At all relevant times, Plaintiff was paid hourly plus bonuses.

36. Plaintiff was initially paid at a rate of $18.00/hr before receiving a raise to a rate of $20.00 per hour.

37. Plaintiff estimates that she typically received a bonus of $200-$500 per month.

38. At all relevant times, Plaintiff has routinely worked over 40 hours per week.

39. Plaintiff estimates she was typically working 65 hours a week.

40. During the workweek of October 21, 2024, Plaintiff estimates that she worked approximately 65 hours.

41. Plaintiff was required to submit timecards to WFG that reflected only 40 hours worked.

42. Early in Plaintiff's employment she submitted a timecard with overtime hours recorded on the timecard and was instructed by a manager to revise her timecard to state 40 hours only.

43. Plaintiff was required to work overtime hours as part of her position even though she would not be paid for the overtime hours worked.

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

44. At all relevant times, Plaintiff did not receive any additional compensation for overtime hours worked.

45. As a result, at all relevant times, Defendant failed to pay Plaintiff's overtime at a rate of 1.5 times Plaintiff's regular rate of pay pursuant to the FLSA.

46. Defendant did not incorporate Plaintiff's bonuses into her overtime rate.

47. At all relevant times, Defendant failed to compensate Plaintiff for overtime wages.

48. Defendant was aware that Plaintiff's working hours routinely exceeded 40 hours.

49. Defendant permitted, and in fact required, Plaintiff to work overtime as a condition of her employment.

50. Plaintiff understood that if she did not work overtime hours, that her employment could be terminated.

51. Defendant refused to pay Plaintiff for each hour she worked in excess of 40 hours per week.

52. Defendant refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

53. Defendant's failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

**<u>COLLECTIVE ACTION ALLEGATIONS</u>**

54. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Plaintiff brings this action on behalf of herself and all other similarly situated



Doc ID: 2adb8d68fac3c514e1dc959b70c473e1bc34be19

individuals pursuant to 29 U.S.C. § 216(b).

56. The proposed collective class for the FLSA claim is defined as follows:

**All employees who work[ed] for Defendant WFG National Title Insurance Company and/or a related entity; within the last three years; who work[ed] over 40 hours in any given workweek as a past or present escrow assistant or escrow officer (or similar job title and/or similar job duties and responsibilities).**

**These employees were not paid overtime at the correct overtime rate of pay for all hours worked over 40 in a given workweek, were misclassified as exempt, and/or worked off the clock hours that they did not receive overtime compensation for are known as (the "Collective Members").**

57. Plaintiff has given her written consent to be the Named Party Plaintiff in this action pursuant to U.S.C. § 216(b). Plaintiff's signed consent form is attached as **"Exhibit 1."** As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

58. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the correct one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendant suffered or permitted them to work.

59. Plaintiff's claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff's are identical or substantially similar.

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com



Doc ID: 2adb8d68fac3c514e1dc959b70c473e1bc34be19

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

60. Plaintiff and the Collective Members routinely worked over forty (40) hours in a given workweek and were not compensated at the appropriate overtime rate by Defendant for all hours they worked over forty in a given workweek.

61. The Collective Members perform or have performed the same or similar work as Plaintiff.

62. As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime pay.

63. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

64. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the Collective Members.

65. All collective members, irrespective of their particular job requirements and job titles, are entitled to overtime compensation based upon their appropriately calculated regular rate of pay for hours worked in excess of forty (40) during a given workweek.

66. Notice of this action should be sent to all similarly situated employees.

67. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court-supervised notice of the lawsuit and the opportunity to join the case.

68. Those similarly stated employees are known to Defendant and are readily identifiable through Defendant's records.

69. On information and belief, Plaintiff and the Collective Members may hold


Doc ID: 2adb8d68fac3c514e1dc959b70c473e1bc34be19

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

Arizona licenses to do escrow and related activities.

70. On information and belief, Plaintiff and the Collective Members may have performed escrow and related services in connection with real and personal property located in Arizona.

71. On information and belief, Plaintiff and the Collective Members may do escrow and related activities for property located in Arizona.

72. On information and belief, Plaintiff and the Collective Members may do escrow and related activities for citizens of Arizona.

73. On information and belief, Plaintiff and the Collective Members may do escrow and related activities for people who reside in Arizona.

74. On information and belief, Defendant may have assigned Arizona escrow files and transactions to Plaintiff and the Collective Members and directed their labor toward the completion of Arizona closings.

75. On information and belief, the work product of Plaintiff and the Collective Members — including escrow instructions, settlement statements, title commitments, disbursements, and closing documents — may have been executed, funded, delivered, and/or recorded in Arizona and given legal effect under Arizona law.

76. On information and belief, Plaintiff and the Collective Members may have regularly communicated with and transacted on behalf of Arizona buyers, sellers, borrowers, lenders, title insurers, real-estate agents, and Arizona county recorders' offices in performing the work at issue.

## COUNT I
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)



Doc ID: 2adb8d68fac3c514e1dc959b70c473e1bc34be19

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

77. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

78. Plaintiff and the Collective Members are/were non-exempt employees entitled to the statutorily mandated overtime wages.

79. While employed by Defendant, Plaintiff and the Collective Members worked numerous hours of overtime that Defendant did not pay at the correct overtime rate or at all.

80. As a result, Defendant has intentionally failed and/or refused to pay Plaintiff and the Collective Members all owed overtime according to the provisions of the FLSA.

81. Defendant has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

82. Defendant knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal law, and Defendant was aware of the FLSA overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

83. As a result of Defendant's failure or refusal to pay Plaintiff and the Collective Members a wage equal to one-and-one-half times Plaintiff's and the Collective Members' adjusted regular rates of pay for work they performed for Defendant in excess of their regular 40-hour workweek, Defendant violated 29 U.S.C. § 207(a).

84. Plaintiff and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional


Doc ID: 2adb8d68fac3c514e1dc959b70c473e1bc34be19

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendant:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to declare and find that the Defendant committed one or more of the following acts:

i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. For the Court to provide reasonable incentive awards for the named Plaintiff to compensate her for the time she spent attempting to recover wages for the Collective Members and for the risks she took in doing so; and


Doc ID: 2adb8d68fac3c514e1dc959b70c473e1bc34be19

G. Such other relief as this Court shall deem just and proper;

RESPECTFULLY SUBMITTED July 1, 2026.

**WEILER LAW PLLC**

By: /s/ James Weiler
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorney for Plaintiff

## VERIFICATION

Plaintiff Jada Miles declares under penalty of perjury that she has read the foregoing Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

Jada Miles

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com



Doc ID: 2adb8d68fac3c514e1dc959b70c473e1bc34be19